**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| RICARDO TREMAINE SCOTT, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 7:26-cv-163-WLS-AGH |
| JEROME BURGESS, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff Ricardo Tremaine Scott, a former inmate in the Thomas County Jail in Thomasville, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff did not submit his pleading on the required § 1983 complaint form. Plaintiff is thus **ORDERED** to recast his complaint on the standard form.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of all allegations made in the original pleading**. The Court will only consider the factual allegations and

claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

Plaintiff also moved to proceed *in forma pauperis* (IFP) (ECF No. 2). However, he did not use the Court's standard form for prisoners or file a certified copy of his trust fund account statement. Following the filing of his complaint and motion to proceed IFP, Plaintiff was released from custody. "The payment obligation of an indigent non-incarcerated litigant is different than that of an indigent prisoner." *Jones v. Muscogee Cnty. Prison*, No. 4:21-CV-10-CDL-MSH, 2021 WL 12410427, at *1 (M.D. Ga. Mar. 12, 2021) (citing *DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003); 28 U.S.C. § 1915(b)). For a non-prisoner, a district court has the discretion to waive all or part of the filing fee, but, due to the Prison Litigation Reform Act (PLRA), a district court does not have such discretion regarding prisoners. *See Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998), *abrogated by Jones v. Bock for other reasons*, 549 U.S. 199 (2007) ("Under the PLRA, federal courts may continue to except non-prisoner indigents from prepaying filing fees[, but may not] except prisoner indigents[.]"). When sufficient funds exist in the prisoner's trust fund account, a district court must assess payment of an initial partial filing fee, and the facility having custody of the prisoner must deduct funds from the inmate's account in monthly installments until the filing fee is paid in full. 28 U.S.C. § 1915(b)(1), (2).

If a prisoner is released before his filing fee has been paid in full, he can no longer be required to make payments under 28 U.S.C. § 1915(b)(2), as he no longer has a prisoner trust account from which the required deductions may be withdrawn. *See DeBlasio*, 315 F.3d at 398 ("Section 1915(b)(2) provides no method of remitting payments other than by deduction from a prisoner's account[.]"). The PLRA has thus been construed to mean "the required partial fee payments are to be made only while the prisoner remains in prison, and that, upon his release, his obligation to pay the fees is to be determined, like any non-prisoner, solely by whether he qualifies for IFP status." *Id.* at 399 (quoting *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996)). If the prisoner proves to be destitute after his release, he may be excused from making any further payments. *Id* (citing *McGann*, 96 F.3d at 30). This prevents such a prisoner from "hav[ing] to shoulder a more difficult financial burden than the average indigent plaintiff in order to continue his lawsuit." *Id.*

But a prisoner's obligation to pay the filing fee attaches at the time he files a complaint. *See* 28 U.S.C. § 1915(b); *see also Heru v. Ohio*, No. 2:22-cv-454, 2023 WL 5018760, at *2 (S.D. Ohio Aug. 7, 2023) ("The obligation to pay the full filing fee attaches when a prisoner files his complaint[.]"). Under these circumstances, the Court could calculate Plaintiff's accrued PLRA debt and require him to file a non-prisoner pauper's affidavit to show whether he could make any payments on that debt or qualifies for non-prisoner IFP status for the balance of the fee. *See Smalls v. State Bd. of Pardons & Paroles*, No. CV414-031, 2014 WL 2003291, at *4 (S.D. Ga. May 15, 2014) ("[T]he PLRA-debt amount at most would be *de minimis* and thus not worth

the judicial resources to collect it. So, within the same 30–day period, the Court directs Smalls to tender a new, non-PLRA IFP affidavit and show why the Court should waive the $350 fee outright[.]"). Because Plaintiff was incarcerated for only a brief period between the filing of his complaint and release, however, pursuing this accrued debt would not be economical. *Id.* Thus, the Court orders that instead of filing the Court's standard IFP form for prisoners, Plaintiff is ordered to file the Court's standard form for non-prisoners seeking leave to proceed IFP.[1]

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his complaint on the Court's standard § 1983 form for prisoners,[2] and (2) submit a properly completed motion to proceed IFP. The clerk shall mail Plaintiff a standard 42 U.S.C. § 1983 complaint form for prisoners and the Court's standard IFP application for non-prisoners, with associated documents, along with this Order. Plaintiff must immediately inform the Court in writing of any change in his mailing address; failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED**, this 21st day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[1]On June 9, 2026, the Court sent an order to Plaintiff to recast his complaint on the standard § 1983 complaint form and to file a motion to proceed IFP on the standard form for prisoners, including a certified copy of his trust fund account statement. Order 2, ECF No. 4. When Plaintiff did not timely respond, the Court sent Plaintiff an order to show cause (ECF No. 5). However, Plaintiff filed a notice of change of address (ECF No. 6) on June 15, 2026, that was not timely docketed by the clerk. While neither of the Court's previous orders were returned, the Court is also not certain that Plaintiff ever received them. Therefore, the Court's show cause order (ECF No. 5) is rescinded.

[2]Because Plaintiff's allegations pertain to events occurring while incarcerated, he is still subject to the provisions of the PLRA and must complete the standard § 1983 complaint form for prisoners.